NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200366-U

NO. 4-20-0366

IN THE APPELLATE COURT

FILED
January 12, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ROSE M. STADEL, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | McLean County |
| HERITAGE OPERATIONS GROUP, LLC, a/k/a | ) | No. 19L109 |
| HERITAGE ENTERPRISES, | ) | |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

_____

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding the allegations in plaintiff's amended
complaint insufficient to state a claim for retaliatory discharge.

¶ 2     In January 2020, plaintiff, Rose M. Stadel, filed an amended complaint against

her former employer, Heritage Operations Group, LLC (Heritage), asserting a claim of common

law retaliatory discharge. In response, Heritage filed a combined motion to dismiss under section

2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)), arguing the

amended complaint failed to state a claim entitling plaintiff to recover. In July 2020, the trial

court entered a written order granting Heritage's motion to dismiss with prejudice.

¶ 3     Plaintiff appeals, arguing the trial court erred in dismissing her amended

complaint brought pursuant to section 4(h) and section 6(c) of the Workers' Compensation Act

(Act) (820 ILCS 305/4(h), 6(c) (West 2018)) because she (1) stated sufficient facts to establish a *prima facie* case of retaliatory discharge against Heritage and (2) raised a genuine issue of fact regarding Heritage's motivation in forcing her to resign. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5          In August 2019, plaintiff filed a complaint asserting a claim of common law retaliatory discharge against Heritage. In September 2019, Heritage filed a combined motion to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2018)). Following a December 2019 hearing, the trial court granted the motion to dismiss and allowed plaintiff to replead.

¶ 6          On January 9, 2020, plaintiff filed a two-count amended complaint reasserting her retaliatory discharge claim against Heritage and raising a claim Heritage subjected her to gender-related violence in violation of the Gender Violence Act (740 ILCS 82/1 *et seq.* (West 2018)). The amended complaint alleged Heritage employed plaintiff, whose job title was Vice President of Operations, from 1979 until late 2014. On August 13, 2014, plaintiff sustained injuries resulting from a verbal argument with her supervisor, Peter Bolt. Plaintiff notified Heritage's human resources personnel of the confrontation and indicated she was "so distressed and humiliated *** that she was physically unable to work under Peter Bolt due to his threatening and bullying actions[.]" To alleviate her feelings of anxiety and distress, plaintiff was advised to go home and rest. The following day, plaintiff returned to work and attended a meeting with members of Heritage's senior management and human resources. During the meeting, plaintiff alleged senior management personnel requested she " 'pick a day maybe around the end of September and then we can roll this into a retirement,' " which plaintiff refused.

¶ 7    The amended complaint further alleged, between August and October 2014, Heritage imposed different working conditions on plaintiff and told other employees she was retiring in retaliation for plaintiff's previously successful workers' compensation claim, filed in 2005, as well as her reporting the argument with Bolt. By telling other employees plaintiff was retiring, the complaint alleged Heritage undermined plaintiff's ability to remain employed and, as a result, forced her to resign her position on October 3, 2014.

¶ 8    On January 30, 2020, Heritage filed a combined motion to dismiss plaintiff's amended complaint under section 2-619.1 of the Code and a supporting memorandum of law. Pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), Heritage asserted, among other things, the amended complaint should be dismissed because plaintiff failed to state a viable claim of retaliatory discharge. Specifically, Heritage contended plaintiff failed to plead sufficient facts showing she was discharged, noting, "[p]laintiff explicitly admits once again that she resigned from Heritage," and she at no point alleged Heritage terminated her employment.

¶ 9    In April 2020, plaintiff filed a response to Heritage's motion to dismiss. Plaintiff asserted, *inter alia*, she "specifically and factually pled that [Heritage]'s actions in forcing her out were due to the exercise of her rights afforded to her under the provisions of the [Act] prohibiting retaliation and discrimination against employees for the exercise of rights afforded to them by the Act." Contrary to Heritage's assertions she voluntarily resigned her position, plaintiff argued "her employment *** was constructively terminated as *** senior management personnel said it would be better for her to retire; and started informing coworkers of [plaintiff] that she was in fact retiring." Plaintiff further argued she was not required to plead evidence to state a *prima facie* retaliatory discharge claim against Heritage and the facts she alleged were

"sufficient *** to raise reasonable inferences regarding the actions of [Heritage] in forcing her to resign thereby resulting in a constructive termination of her employment by operation of law."

¶ 10    In July 2020, the trial court entered a written order granting Heritage's section 2-619.1 motion to dismiss with prejudice, in part, on the basis plaintiff failed to state a viable claim for retaliatory discharge. The court noted plaintiff "failed to establish that she was fired by [Heritage] due to her admission that she chose to retire; notwithstanding that [p]laintiff alleged *** she felt forced to retire from her position with [Heritage]."

¶ 11    This appeal followed.

¶ 12    II. ANALYSIS

¶ 13    On appeal, plaintiff argues the trial court erred in dismissing her amended complaint brought pursuant to section 4(h) and section 6(c) of the Act (820 ILCS 305/4(h), 6(c) (West 2018)), because she (1) stated sufficient facts to establish a *prima facie* case of retaliatory discharge against Heritage and (2) raised a genuine issue of fact regarding Heritage's motivation in forcing her to resign. We disagree.

¶ 14    A motion to dismiss under section 2-615 of the Code challenges only the legal sufficiency of the complaint. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 20, 11 N.E.3d 57. In ruling on a section 2-615 motion to dismiss, "the question is 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 458-59 (2009) (quoting *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81, 806 N.E.2d 632, 634 (2004)). The trial court should not grant the motion to dismiss "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161, 920 N.E.2d 220, 223 (2009). We review a dismissal

pursuant to section 2-615 *de novo*. *Beacham v. Walker*, 231 Ill. 2d 51, 57, 896 N.E.2d 327, 331 (2008).

¶ 15 Illinois courts recognize retaliatory discharge as a limited and narrow exception to the "longstanding rule *** that an at-will employee, such as plaintiff, may be discharged by [her] employer at any time and for any reason." *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 22, 79 N.E.3d 184. In addition, it is well-settled the tort of retaliatory discharge does not encompass any behavior other than actual termination of employment; thus, constructive discharge is insufficient to sustain an action for retaliatory discharge. *Scheller v. Health Care Service Corp.*, 138 Ill. App. 3d 219, 224-25, 485 N.E.2d 26, 29 (1985); see also *Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 153, 713 N.E.2d 679, 683 (1999) (finding "that constructive discharge is not an actionable concept" in the context of a retaliatory discharge claim). "To sustain a cause of action for retaliatory discharge, an employee must prove: (1) the employer discharged the employee, (2) the discharge was in retaliation for the employee's activities (causation), and (3) the discharge violates a clear mandate of public policy." *Michael v. Precision Alliance Group, LLC*, 2014 IL 117376, ¶ 31, 21 N.E.3d 1183.

¶ 16 Plaintiff offers *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526, 519 N.E.2d 909 (1988), in support of her forced resignation theory. In that case, the plaintiff suffered a back injury at work and reported the incident to her supervisor, seeking medical attention. *Hinthorn*, 119 Ill. 2d at 528. Because she suffered two previous work-related injuries during the past year, for which she sought medical attention and filed claims under the Act, her supervisor told her to meet with the company's vice-president. *Hinthorn*, 119 Ill. 2d at 528. The vice-president first said to the plaintiff "she should seek other employment" and further told her "that she had been 'getting hurt too much [and] costing the company too much money.' "

*Hinthorn*, 119 Ill. 2d at 528. He then directed the plaintiff to sign a "Voluntary Resignation" form and informed her, by signing it, "[she] would be able to leave her employment *** under her own free will." *Hinthorn*, 119 Ill. 2d at 528-29. The plaintiff signed the form, believing if she did not sign it, she would have lost her job anyway. *Hinthorn*, 119 Ill. 2d at 529.

¶ 17       On appeal, our supreme court examined the issue of whether the plaintiff properly pleaded a cause of action for retaliatory discharge and found a coerced resignation in lieu of being fired constituted a discharge. *Hinthorn*, 119 Ill. 2d at 529-32. In doing so, the supreme court distinguished the plaintiff's case, noting, "it is clear [the] plaintiff was not being given an actual opportunity to continue her employment at Roland's: had she refused to sign the form, she would have been fired in any event." *Hinthorn*, 119 Ill. 2d at 531.

¶ 18       Here, we find plaintiff failed to sufficiently plead an actual discharge via forced resignation. Unlike in *Hinthorn*, plaintiff refused Heritage's request she retire from her position. Further, plaintiff does not allege she was threatened with discharge, nor does she allege her employment would have been terminated had she not resigned. Rather, plaintiff "alleged that Heritage's actions in telling others that she was retiring; and pressuring her to retire frustrated her ability to perform her job duties for Heritage; and *** that such actions by Heritage forced her to resign her position on October 3, 2014." However, there is no basis for finding these actions unlawful as this court has found the concept of constructive discharge—in the context of a retaliatory discharge claim—to be outside the narrow parameters of the cause of action. See *Scheller*, 138 Ill. App. 3d at 224-25 (refusing to extend the tort of retaliatory discharge to the constructive retaliatory discharge claim of an employee who quit her job due to her former employer deliberately making her employment unbearable). Moreover, threats of termination or other harassment leading to a plaintiff's resignation will not suffice to show a forced or coerced

resignation. See *Melton v. Central Illinois Public Service Co.*, 220 Ill. App. 3d 1052, 1056, 581 N.E.2d 423, 425 (1991) (stating "courts have implicitly rejected the notion that threats to discharge, discipline, or other coercion short of discharge can provide the basis for a claim [of retaliatory discharge]").

¶ 19 Despite construing plaintiff's allegations in a light most favorable to her, we find her allegations her resignation was forced or coerced were insufficiently pleaded, and the trial court's dismissal of the amended complaint was proper. Accordingly, because we find the discharge element lacking, we need not consider whether plaintiff adequately alleged the other elements of retaliatory discharge, *i.e.*, whether the discharge was in retaliation for the employee's activities and whether the discharge violated a clear mandate of public policy. See *Michael*, 2014 IL 117376, ¶ 31.

¶ 20                                                 III. CONCLUSION

¶ 21 For the foregoing reasons, we affirm the trial court's judgment.

¶ 22 Affirmed.